IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROY RENFRO, et al.,** )
**individually and on behalf of** )
**others similarly situated,** )
)
         **Plaintiffs,** )    CIVIL ACTION
)
**v.** )    No. 06-2284-KHV
)
**SPARTAN COMPUTER** )
**SERVICES, INC.,** )
)
         **Defendant.** )
_____)

**MEMORANDUM AND ORDER**

Plaintiffs file suit against Spartan Computer Services, Inc., seeking recovery of unpaid overtime under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq. Defendant asserts twelve affirmative defenses, including the "motor carrier" exemption to the FLSA, 29 U.S.C. § 213(b)(1) (first affirmative defense), the "computer employee" exemption to the FLSA, 29 U.S.C. § 213(a)(17) (second affirmative defense) and the right against determination of liability and damages on an aggregate basis under the Seventh and Fourteenth Amendments (tenth affirmative defense).[1] This matter comes before the Court on Plaintiffs' Motion To Strike Certain Affirmative Defenses (Doc. #12) filed September 5, 2006. Specifically, plaintiffs challenge the sufficiency of the first, second and tenth affirmative defenses. For reasons stated below,

---

[1] Defendant originally asserted only eleven affirmative defenses. See Answer (Doc. #5) filed August 14, 2006. On November 21, 2006, defendant filed its First Amended Answer (Doc. #27) asserting an additional affirmative defense. For purposes of the motion, the original answer and the first amended answer are identical with respect to the challenged affirmative defenses.

the Court overrules the motion.

## Analysis

Rules 8(b) and (c), Fed. R. Civ. P., govern the sufficiency of affirmative defenses under the notice pleading system, instructing that such defenses "shall be set forth affirmatively" and "shall state in short and plain terms the party's defenses to each claim asserted." Thus, under Rule 8, an affirmative defense must set forth a short and plain statement of the nature of the defense, including a short and plain statement of the facts. Sprint Commc'ns Co. v. TheGlobe.com, Inc., 233 F.R.D. 615, 618 (D. Kan. 2006). Rule 8 is intended to give the opposing party fair notice of the claim and the grounds upon which it rests. Id.

Under Rule 12(f), Fed. R. Civ. P., the Court may strike any insufficient defense. A defense is insufficient if it cannot succeed, as a matter of law, under any circumstances. Resolution Trust Corp. v. Tri-State Realty Investors of K.C., Inc., 838 F. Supp. 1448, 1450 (D. Kan. 1993). Rule 12(f) is intended to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial. Resolution Trust Corp. v. Fleischer, 835 F. Supp. 1318, 1320 (D. Kan. 1993). A motion to strike an affirmative defense as insufficient is disfavored as a drastic remedy. CSU Holdings, Inc. v. Xerox Corp., No. 94-2102, 1995 WL 261158, at *1 (D. Kan. April 5, 1995).

Plaintiffs argue that defendant's first, second and tenth affirmative defenses are insufficient as a matter of law and should be striken under Rule 8 and Rule 12(f). Defendant argues that striking these defenses is improper because (1) the motion is premature; (2) the affirmative defenses comply with the Federal Rules of Civil Procedure; (3) the affirmative defenses are legally sufficient; and (4) plaintiffs have not shown prejudice from the inclusion of such defenses.

**I.    The "Motor Carrier" Exemption To The FLSA**

Defendant's first affirmative defense alleges that plaintiffs are exempt from the FLSA overtime pay requirements under the "motor carrier" exemption to the FLSA, 29 U.S.C. § 213(b)(1). This exemption provides as follows:

> Maximum hour requirements . . . shall not apply with respect to . . . any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49.

29 U.S.C. § 213(b)(1). Section 31502(b), Title 49, provides that the Secretary of Transportation may prescribe requirements for qualifications and maximum hours of service for employees of motor carriers or motor private carriers. Plaintiffs are admitted employees of defendant; thus the "motor carrier" exemption may apply if defendant is a motor carrier or a motor private carrier. See 49 U.S.C. § 31501(2); 49 U.S.C. § 13102(14)-(15) (defining "motor carrier" and "motor private carrier").

Plaintiffs argue that this affirmative defense is a bare-bones, conclusory allegation. The defense, however, satisfies both Rule 8 and Rule 12(f). Defendant provides a specific statutory citation which affords plaintiffs fair notice of the defense and the grounds upon which it rests. Plaintiffs can easily mount an answer to this defense because its application is narrow. Indeed, the exemption will apply only in select cases because the definitions of "motor carrier" and "motor private carrier" are limited. See id. Further, the Court cannot conclude from the pleadings that the "motor carrier" exemption cannot possibly apply under any circumstances. The application of the exemption will turn on the facts of the case, making the motion to strike improper. See Resolution Trust Corp. v. Thomas, No. 92-2084-GTV, 1995 WL 261641, at *1 (D. Kan. Apr. 25, 1995) (factual disputes prevent court from striking affirmative defense).

3

## II. The "Computer Employee" Exemption To The FLSA

Defendant's second affirmative defense alleges that plaintiffs are exempt from the FLSA overtime pay requirements under the "computer employee" exemption to the FLSA, 29 U.S.C. § 213(a)(17). This exemption provides as follows:

> Minimum wage and maximum hour requirements . . . shall not apply with respect to . . . any employee who is a computer systems analyst, computer programmer, software engineer, or other similarly skilled worker, whose primary duty is (A) the application of systems analysis techniques . . . (B) the design, development, documentation, analysis, creation, testing, or modification of computer systems and programs . . . (C) the design, documentation, testing, creation, or modification of computer programs related to machine operating systems; or (D) a combination of [those] duties.

29 U.S.C. § 213(a)(17). This exemption does not include employees "engaged in the manufacture or repair of computer hardware and related equipment." 29 C.F.R. § 541.401.

Plaintiffs argue that like the "motor carrier" exemption, this affirmative defense is a bare-bones, conclusory allegation. This defense is sufficient under Rule 8, however, because it identifies the specific provision of the FLSA which affords the defense and provides plaintiffs notice of the defense and the grounds on which it rests. Plaintiffs argue that the exemption does not apply because the complaint alleges that they were engaged in the repair of computer hardware and related equipment.[2] This allegation, however, does not foreclose the possibility that plaintiffs' primary duties qualified for the exemption.[3] This factual question prevents

---

[2] In its answer, defendant admits that plaintiffs were "employed to respond to calls to repair or maintain computer-based equipment." See First Amended Answer (Doc. #27) at 2.

[3] The Court notes that after plaintiffs filed their motion, additional plaintiffs were added to the case See, e.g., Hugo Martinez's Consent To Become A Party Plaintiff (Doc. #34) filed December 27, 2006; Terry Goins' Consent To Become A Party Plaintiff (Doc. #32) filed December 12, 2006. At this point, the Court cannot determine that the "computer employee" exemption is inapplicable, as a matter of law, to each and every plaintiff.

4

the Court from finding as a matter of law that the defense is insufficient.

### III.     Determinations Of Liability And/Or Damages On An Aggregated Basis

Defendant's tenth affirmative defense alleges that the Seventh and Fourteenth Amendments to the United States Constitution prohibit a jury from determining defendant's liability and/or damages to members of the purported collective action on a group or aggregated basis. Plaintiffs argue that (1) the nature of this defense is unclear, and (2) the defense is really an argument about jury procedure, not an affirmative defense. Defendant explains that this defense (1) asserts its right to have a single jury decide both liability and damages, and (2) protects against any attempts by plaintiffs to prove damages on an aggregate basis.[4]

An affirmative defense is one which will defeat plaintiffs' claim if it is accepted by the Court or the jury. 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1270 (3d ed. 2004). Here, defendant's "affirmative defense" will not defeat plaintiffs' claim if it is accepted by the Court or the jury; defendant's legal argument would simply prevent the jury from determining liability or awarding damages on an aggregate basis. Defendant's tenth affirmative defense is not actually an affirmative defense because it only attempts to invoke a procedural safeguard, not a substantive defense to plaintiffs' claims. Because defendant's argument does not prejudice plaintiffs, however, the Court will not sustain the motion to strike. See Sender v. Mann, 423 F. Supp.2d 1155, 1163 (D. Colo. 2006) (benefit of doubt given to pleader when erring on side of caution in labeling argument as affirmative defense); Youell v. Grimes, No. 00-2207-JWL, 2001 WL 121955, at *1 (D. Kan. Feb. 8, 2001) (motion to strike affirmative defense denied unless allegations may prejudice opposing party); Wright & Miller, supra, § 1271 (pleader not penalized for exercising caution

---

[4]     On its face, defendant's tenth affirmative defense does not address bifurcation of the liability and damages phases at trial. It speaks only to determination of damages on an aggregate basis. If necessary, the issue of bifurcation will be evaluated by the Court under Rule 42(b), Fed. R. Civ. P.

even when affirmative pleading unnecessary).

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion To Strike Certain Affirmative Defenses (Doc. #12) filed September 5, 2006 be and hereby is **OVERRULED**.

Dated this 3rd day of January, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge
