# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ROY RENFRO, et al.,**  )<br>**individually and on behalf of**  )<br>**others similarly situated,**  )<br>     )<br>     **Plaintiffs,**  )<br>     )<br>**v.**  )<br>     )<br>**SPARTAN COMPUTER**  )<br>**SERVICES, INC.,**  )<br>     )<br>     **Defendant.**  )<br>_____ ) | CIVIL ACTION<br><br>No. 06-2284-KHV |

## MEMORANDUM AND ORDER

Plaintiffs bring suit against Spartan Computer Services, Inc. ("SCS") seeking recovery of unpaid overtime under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq. On April 17, 2007, Magistrate Judge David J. Waxse granted plaintiffs leave to amend their complaint. See Order (Doc. #69) at 7. This matter comes before the Court on Defendant's Objections To, And Motion To Set Aside And/Or Modify, Magistrate Judge's Order (Doc. 69) (Doc. #72) filed April 26, 2007. For reasons stated below, the Court overrules the motion.

## Standards For Review Of Magistrate Judge Non-Dispositive Order

Upon objection to a magistrate judge order on a non-dispositive matter, the district court may modify or set aside any portion of the order which it finds to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The Court does not conduct a de novo review, but applies a more deferential standing which requires the moving party to show that the magistrate judge's order is clearly erroneous or contrary to law. See Burton v. R.J. Reynolds Tobacco Co., 177 F.R.D. 491, 494 (D. Kan. 1997). The Court is required to affirm the magistrate judge's order unless the entire

record evidence leaves it "with the definite and firm conviction that a mistake has been committed." Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)); see also Smith v. MCI Telecomm. Corp., 137 F.R.D. 25, 27 (D. Kan. 1991) (district court generally defers to magistrate judge and overrules order only for clear abuse of discretion).

## Procedural Background

On July 11, 2006, plaintiffs filed their complaint which alleged violation of FLSA overtime pay requirements. On November 16, 2006, Judge Waxse entered a scheduling order which set a deadline of December 31, 2006 for plaintiff to seek leave to join additional parties or otherwise amend their collective action allegations. Judge Waxse also set a deadline of January 26, 2007 to complete initial discovery regarding certification of a provisional collective action. See Scheduling Order (Doc. #26) at 4, 7. On February 16, 2007, plaintiffs sought leave to amend their complaint to (1) add as individual defendants Jack Steenhausen, SCS president, and Terry Connorton, SCS vice president for field services; (2) reflect that 20 new plaintiffs have joined the action; and (3) conform the pleading to the evidence, particularly with respect to overtime compensation of installers (as distinct from the allegations concerning field technicians already included in the complaint). See Plaintiffs' Motion For Leave To File First Amended Complaint (Doc. #51) at 1. The same day, plaintiffs filed a motion for conditional certification of a collective action under the FLSA. See Plaintiffs' Motion For Conditional Collective Action Certification Pursuant To 29 U.S.C. § 216(b) (Doc. #52). On April 17, 2007, as noted above, Judge Waxse granted plaintiffs leave to amend their complaint. See Order (Doc. #69) at 7. SCS seeks review of the order.

## Analysis

SCS argues that Judge Waxse erroneously permitted plaintiffs' untimely motion to amend and

determined that defendants would not be prejudiced by such amendment. SCS also argues that Judge Waxse incorrectly considered plaintiffs' motion to amend under Rule 15(a), which generally governs pleading amendments, rather than Rule 20(a), which governs permissive joinder of parties.

**I.     Timeliness Of Plaintiffs' Motion To Amend**

In the scheduling order, Judge Waxse stated that "[a]ny motion for leave to join additional parties or to otherwise amend the pleadings **relating to whether the matter should proceed as a collective action** shall be filed by **December 31, 2006**." Scheduling Order (Doc. #26) at 7. As noted above, plaintiffs filed their motion to amend on February 16, 2007. SCS argues that Judge Waxse erred by not rejecting the motion to amend as untimely pursuant to the December 31, 2006 deadline imposed under the scheduling order. This argument is limited to the portion of plaintiffs' motion regarding allegations of unpaid overtime for installers.

Judge Waxse rejected the timeliness argument because SCS had not persuaded him that plaintiffs "should have known to amend the Complaint to identify installers as an individual category of employees" prior to December 31, 2006. See Order (Doc. #69) at 5. As evidence that plaintiffs knew of the need for allegations regarding installers before the December 31, 2006 deadline, SCS points to plaintiffs' discovery requests from November of 2006 which sought information about installers. As Judge Waxse noted, however, plaintiffs originally believed that installers were similarly situated to other classes of plaintiffs (e.g., field technicians) such that specific allegations regarding installers were not necessary. See id. at 6. According to Judge Waxse, plaintiffs only learned that installers may not have been similarly situated to previously identified categories of employees when SCS objected in January of 2007 – after the December 31, 2006 deadline – to the discovery regarding installers as beyond the scope of the complaint. See id. SCS makes no compelling argument that Judge Waxse clearly erred

3

in finding that plaintiffs had adequately explained the delay in seeking leave to amend their complaint.[1]

## II.    Prejudice To Defendants

SCS argues that Judge Waxse erroneously determined that defendants would suffer no undue hardship as a result of the amendment of the complaint to include installers as a category of plaintiffs. SCS asserts that it is prejudiced by the amendment because in defense of the motion for collective action certification, it had no opportunity to conduct preliminary discovery on installers.  SCS asserts that Steenhausen and Connorton, the newly-added individual defendants, are prejudiced by the amendment because they had no opportunity to conduct preliminary discovery at all.[2]

On this issue, Judge Waxse had "no doubt that [the amendment would] impose some type of hardship" on defendants, but concluded that because plaintiffs' motion for collective action was not ripe and merits discovery had not begun, the motion for leave to amend should be freely given at such an early stage in the litigation.  See id. at 6-7.  Although Judge Waxse incorrectly stated that plaintiffs' motion for collective action certification was not ripe,[3] the more significant point is that merits discovery

---

[1] SCS cites several cases in support of the proposition that a motion to amend may be properly denied when untimely.  See, e.g., Duncan v. Manager, Dep't of Safety, City And County Of Denver, 397 F.3d 1300, 1315 (10th Cir. 2005) (untimeliness alone adequate reason to refuse leave to amend).  Leave to amend, however, is a matter of discretion, see Elrod v. Swanson, 478 F. Supp.2d 1252, 1256 (D. Kan. 2007), and nothing in the case law commands that untimely motions must be denied.

[2] Steenhausen and Connorton have not personally argued prejudice and the Court is not persuaded by SCS' arguments on their behalf.  As president and vice president of SCS, it appears that their interests would run parallel to SCS' interest in this case and that they would have access to discovery which SCS has already obtained.  At best, the prejudice argument on behalf of Steenhausen and Connorton boils down to the same argument which SCS advances itself – that they have not been given an opportunity to conduct discovery regarding installers in defense of the motion for collective action certification.  As described below, the Court is not convinced that defendants have suffered prejudice in this regard.

[3] On April 11, 2007, plaintiffs filed their reply in support of the motion for collective
(continued...)

has not commenced. SCS' prejudice arguments are premised on the inability to oppose collective action certification with respect to installers because of a lack of discovery. At this stage of the litigation, however, certification of a collective action under Section 16(b) of the FLSA is analyzed under a lenient standard by which the Court looks for substantial allegations in the complaint and supporting affidavits that plaintiffs are similarly situated.[4] See Brown v. Money Tree Mortgage, Inc., 222 F.R.D. 676, 680 (2004) (citing Thiessen v. Gen. Elec. Capital Corp., 267 F.3d 1095, 1102 (10th Cir. 2001)). Because evidence which defendants might gather through the course of discovery is not particularly relevant to the initial stage of collective action certification, SCS' prejudice claim is significantly undermined. The Court therefore cannot find that Judge Waxse clearly erred in finding that defendants are not prejudiced by leave to amend the complaint.

### III.   Application Of Rule 15(a)

In his order, Judge Waxse noted that Rule 15(a) provides that leave to amend shall be freely

---

[3](...continued)
action certification which made the motion ripe for adjudication. See Plaintiffs' Reply Memorandum In Support Of Motion For Conditional Collective Action Certification (Doc. #67). Thus, the parties had fully briefed the motion for collective action certification when Judge Waxse entered his order on the motion for leave to amend on April 17, 2007.

[4]   The Tenth Circuit has approved the so-called ad hoc approach to collective action certification under Section 16(b) of the FLSA which utilizes a two-step process to determine whether plaintiffs are similarly situated. See Brown, 222 F.R.D. at 679. Under this approach, a court typically first makes an initial "notice stage" determination whether plaintiffs are similarly situated which requires "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." Thiessen, 267 F.3d at 1102  (citing Vaszlavik v. Storage Tech. Corp., 175 F.R.D. 672, 678 (D. Colo. 1997)). After the completion of discovery, a court engages in a stricter "second stage" analysis which considers factors including individual plaintiffs' disparate factual and employment settings to determine whether plaintiffs are similarly situated. Id. at 1102-03. The evidence regarding installers which SCS argues that it has not yet obtained through discovery is evidence beyond the substantial allegations of the complaint and is relevant only to the second step of the ad hoc certification approach. More specifically, such evidence may be used in support of a motion to decertify a collective action which typically triggers the second phase of the ad hoc approach. Id.

5

given when justice so requires. Judge Waxse, however, did not discuss Rule 20(a) which governs permissive joinder of parties as follows:

> All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a). SCS argues that Judge Waxse clearly erred by applying Rule 15(a) – rather than Rule 20(a) – to plaintiff's motion to add Steenhausen and Connorton. Although SCS argues that Judge Waxse's misapplication of Rule 15(a) justifies the Court's plenary review of his order, it does not suggest that consideration of Rule 20(a) would change the outcome of his ruling.

The Court finds that Judge Waxse did not err by considering Rule 15(a), but that he should have also considered Rule 20(a) with respect to the portion of plaintiffs' proposed amended complaint which added additional defendants. See United States v. Unger, No. 06-2453-JWL, 2007 WL 677712, at *2 (D. Kan. Mar. 2, 2007) (Rule 15(a) controls procedure for amendment of complaint; Rule 20(a) governs appropriateness of joinder); Kohn v. Am. Hous. Found. I, Inc., 170 F.R.D. 474, 475-76 (D. Colo. 1996) (Rule 15(a) generally applicable to amendments; Rule 20(a) focuses of particulars of amendment which joins additional parties). Despite Judge Waxse's failure to consider Rule 20(a), the Court finds nothing in the record which suggests that joinder of Steenhausen and Connorton would not be appropriate under that rule, which the Court broadly construes. See Sprint Commc'ns Co. v. Theglobe.com, Inc., 233 F.R.D. 615, 616 (D. Kan. 2006) (Rule 20(a) broadly construed because joinder of claims, parties and remedies strongly encouraged). Specifically, the liability of Steenhausen and Connorton allegedly stems from their involvement is SCS' day-to-day operations, including compensation decisions. These allegations involve the same series of transactions as the original allegations against SCS (i.e. failure to pay due overtime wages) and create common questions of law and fact regarding FLSA wage

obligations and SCS overtime policies.  Because the Court is not left with a definite and firm conviction that a mistake has been made, it will not upset Judge Waxse's order on plaintiffs' motion for leave to amend the complaint.

**IT IS THEREFORE ORDERED** that Defendant's Objections To, And Motion To Set Aside And/Or Modify, Magistrate Judge's Order (Doc. 69) (Doc. #72) filed April 26, 2007 be and hereby is **OVERRULED**.

Dated this 4th day of June, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge