IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROY RENFRO, *et al.*, individually and
on behalf of all others similarly situated,

                Plaintiffs,

v.                                             Case No: 06-2284-KHV-DJW

SPARTAN COMPUTER SERVICES, INC., *et al.*,

                Defendants.

## MEMORANDUM AND ORDER

       Pending before the Court is Plaintiffs' Motion for Protective Order (doc. 243) and Plaintiffs'

Amendment to their Motion for Protective Order (doc. 260).   Plaintiffs seek protection from

discovery of each individual plaintiff as unduly burdensome.  The amendment was filed to include,

in their Motion for Protective Order, Defendants' additional discovery requests served after

Plaintiffs' Motion was filed; no new issues were presented in the amendment.  For the reasons stated

below, Plaintiffs' Motion is denied.

## I. Background

       Plaintiffs filed this lawsuit on behalf of themselves and others similarly situated,

asserting that Defendants systematically failed to pay Plaintiffs for overtime hours worked,

including time spent on call.  This case has been provisionally certified as a collective action

pursuant to 29 U.S.C. § 216(b).  At the time of the Court's scheduling conference, only twenty-

nine plaintiffs were part of the collective action.  Since then, more than 100 persons have opted-

in to the collective action.

       In late October 2007, Defendants began serving Plaintiffs with discovery requests on a

rolling basis.  Defendants have since issued document requests and interrogatories to every

plaintiff.  Each plaintiff received the same request for production of documents and the same fifteen form interrogatories.  Defendants have also served deposition notices on twenty-seven plaintiffs.

In light of what Plaintiffs consider "unreasonably cumulative" and "burdensome and expensive" discovery, Plaintiffs request that Defendants' discovery of Plaintiffs be conducted on a representative basis.  Plaintiffs propose that discovery be allowed on a total of no more than fifteen plaintiffs, and that all depositions be conducted in those plaintiffs' cities of residence, unless they choose to travel to Kansas City for the deposition.

## II. Discussion

### A.  Undue Burden of Defendants' Discovery

The issue before the Court is whether discovery should be done on a representative basis or an individualized basis.  Specifically, the Court must consider whether undue burden should be viewed from the perspective of an individual plaintiff or all of the Plaintiffs combined.

Before a court will grant a protective order, the moving party must demonstrate that the "basis for the protective order falls within one of the categories enumerated in Federal Rule of Civil Procedure 26(c)."[1]  A protective order must, therefore, be necessary to protect the party from "annoyance, embarrassment, oppression, or undue burden or expense."[2]  The party moving for a "protective order must make 'a particular and specific demonstration of fact' in support of its request

---

[1]*Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003).

[2]Fed. R. Civ. P. 26(c).

and may not rely upon 'stereotyped or conclusory statements.'"[3]  Plaintiffs, as the moving parties, bear the burden of showing by specific demonstration of fact that a protective order is necessary.

Plaintiffs argue that, when totaled, the 5,304 requests for production of documents, 2,055 interrogatories, and twenty-seven depositions are an undue burden.[4]  Plaintiffs concede, however, that the "burden on any one plaintiff alone of answering discovery requests might not be unbearable."[5]

Collective actions under 29 U.S.C. § 216(b), unlike Rule 23 class actions, require employees to file a consent to join the collective action before they become "party plaintiffs."[6]  Therefore, each plaintiff chooses to participate in this lawsuit.  Here, each plaintiff filed a consent that states, "I understand that, while the suit is proceeding, I may be required to respond to written questions, produce documents, give deposition testimony, and/or testify in court."

In *Williams v. Sprint/United Management Company*,[7] this Court allowed the defendant to depose additional plaintiffs in a similar collective action, despite the fact that it had already deposed more than 300 opt-in plaintiffs.[8]  Addressing the plaintiffs' arguments that the additional depositions would be "cumulative," this Court recognized that "[i]n such circumstances, defendant has the right

---

[3]*Aikens*, 217 F.R.D. at 536-37 (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)).

[4]Pl.'s Reply at 1.

[5]*Id.* at 3.

[6]29 U.S.C. § 216(b).

[7]No. 03-2200-JWL, 2006 WL 1867471, at *2 (D. Kan. June 30, 2006).

[8]*Id.*

to depose these individuals – individuals who are plaintiffs in this action and are seeking damages from defendant. . . ."[9]

For these reasons, the Court finds it is appropriate to consider the burden imposed on each individual plaintiff when determining whether undue burden exists.  Here, Plaintiffs fail to meet their burden of showing particularized facts in support of undue burden.  Each plaintiff filed a consent, which put them on notice that they might be expected to comply with discovery requests.  Plaintiffs cannot now rely on conclusory statements that such requests are unduly burdensome to avoid such compliance.

### B.  Travel for Depositions

Plaintiffs request the Court require all depositions be conducted in Plaintiffs' cities of residence, unless they choose to travel to Kansas City.  "As a general rule, a plaintiff will be required to make himself or herself available for examination in the district in which suit was brought. Since [the] plaintiff has selected the forum, he or she will not be heard to complain about having to appear there for a deposition."[10]  A general order requiring that all depositions take place in the Plaintiffs' cities is therefore inappropriate.  This Court may, however, consider exceptions to this ruling based on a particularized showing of hardship by individual plaintiffs.

---

[9]*Id.* (citing *Ashby v. McKenna*, 331 F.3d 1148, 1150 (10th Cir. 2003)).

[10]*Id.* at *3 (quoting *Stubbs v. McDonald's Corp.*, No. 04-2164-GTV-DJW, 2005 WL 375662, at *1 (D. Kan. Jan. 26, 2005)).

For the reasons stated above, Plaintiffs' Motion for Protective Order (doc. 243) and Plaintiffs' Amendment (doc. 260) are denied.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 19th day of February, 2008.

s/ David J. Waxse

David J. Waxse
United States Magistrate Judge

cc:     All counsel and *pro se* parties