# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **ROY RENFRO, et al.,** | ) | |
| **individually and on behalf of** | ) | |
| **others similarly situated,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION** |
| | ) | |
| **v.** | ) | **No. 06-2284-KHV** |
| | ) | |
| **SPARTAN COMPUTER** | ) | |
| **SERVICES, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Plaintiffs bring suit against Spartan Computer Services, Inc., Jack Steenhausen and Terry Connorton seeking recovery of unpaid overtime under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq. This matter comes before the Court on Plaintiffs' Objections To The Magistrate Judge's Memorandum And Order Of February 19, 2008 Denying Plaintiffs' Motion For Protective Order (Doc. #271) filed March 4, 2008. For reasons stated below, the Court overrules the objections.

## Background

On June 20, 2007, the Court conditionally certified this case as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b). See Memorandum And Order (Doc. #84). On September 14, 2007, Magistrate Judge David J. Waxse entered a scheduling order which provided in part that "[n]o party shall serve more than **35** interrogatories . . . to any other party," and that "[t]here shall be no more than **10** depositions by plaintiff and **10** by defendant **as well as the**

**depositions of each opt-in plaintiff subject to plaintiffs' right to file motions for protective orders**." <u>Scheduling Order</u> (Doc. #121) at 4.  The scheduling order did not address requests for document production.

On December 1, 2007, plaintiffs filed a motion for protective order from defendants' document requests, interrogatories and notice of depositions.  <u>See</u> <u>Plaintiffs' Motion For Protective Order</u> (Doc. #243).  On January 3, 2008, plaintiffs filed an amended motion.  <u>See</u> <u>Plaintiffs' Amendment To Motion For Protective Order</u> (Doc. #260).  Altogether, plaintiffs objected to approximately 5,300 document requests, approximately 2,000 interrogatories and 27 noticed depositions.[1]  On February 19, 2008, Judge Waxse overruled plaintiffs' motion for protective order.  <u>See</u> <u>Memorandum And Order</u> (Doc. #267).  Specifically, Judge Waxse considered "the burden imposed on each individual plaintiff," and found that because each plaintiff had been given notice of potential discovery obligations, their conclusory statements of undue burden did not justify a protective order.  <u>Id.</u> at 4.  Plaintiffs object to this order.

<u>**Analysis**</u>

Upon objection to a magistrate judge order on a non-dispositive matter, the district court may modify or set aside any portion of the order which it finds to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  The Court does not conduct a de novo review, but applies a more deferential standing which requires the moving party to show that the magistrate judge's order is clearly erroneous or contrary to law.  <u>See</u> <u>Burton v. R.J. Reynolds Tobacco Co.</u>, 177

---

[1]      Defendants served form document requests and interrogatories on each of the 136 individuals who had opted in to the collective action.  Although the scheduling order suggests that defendants could notice a deposition for each opt-in plaintiff, defendants have apparently not done so.

F.R .D. 491, 494 (D. Kan. 1997).  The Court is required to affirm the magistrate judge's order unless the entire record evidence leaves it "with the definite and firm conviction that a mistake has been committed."  Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)); see also Smith v. MCI Telecomm. Corp., 137 F.R.D. 25, 27 (D. Kan. 1991) (district court generally defers to magistrate judge and overrules order only for clear abuse of discretion).

Judge Waxse overruled plaintiffs' motion for protective order because they did not make any particularized showing of undue burden from defendants' interrogatories, document requests and noticed depositions.  In this regard, Judge Waxse noted plaintiffs' concession that the "burden on any one plaintiff alone of answering discovery requests might not be unbearable."  See Memorandum And Order (Doc. #267) at 3 (quoting Plaintiffs' Reply Memorandum In Support Of Plaintiffs' Motion For Protective Order (Doc. #261) filed January 4, 2008 at 3).  Plaintiffs apparently take issue with the notion that they must demonstrate a particularized burden by arguing that representative discovery is appropriate in collective actions.  More specifically, plaintiffs argue that Judge Waxse's order is contrary to the order of conditional collective action certification which the Court previously entered and contrary to established case law.

## I.      Collective Action Certification

Section 16(b) of the FLSA, 29 U.S.C. § 216(b), provides in part that "[a]n action . . . may be maintained against an employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  Though the FLSA does not define the phrase "similarly situated," the Tenth Circuit has approved of an ad hoc approach by which courts determine on a case-by-case basis whether the members of the putative class are similarly situated.  See

Thiessen v. Gen. Elec. Capital Corp., 267 F.3d 1095, 1105 (10th Cir. 2001).  Under this approach, the Court engages in a two-step process.   First, the Court makes an initial "notice stage" determination whether plaintiffs are "similarly situated," which requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan.  Id. at 1102 (quoting Vaszlavik v. Storage Tech. Corp., 175 F.R.D. 672, 678 (D. Colo. 1997)).  Under the second step initiated at the close of discovery, the Court utilizes a stricter standard of "similarly situated" which requires evaluation of several factors, including (1) disparate factual and employment settings of individual plaintiffs; (2) the various defenses available to defendants which appear to be individual to each plaintiff; and (3) fairness and procedural considerations.  Id. at 1102-03.

        As noted above, the Court has conditionally certified this case as a collective action.  In doing so, the Court found that "plaintiffs have satisfied the low threshold required to demonstrate at the notice stage that all putative class members are similarly situated."  Memorandum And Order (Doc. #84) at 6.  The Court has not yet applied the second step of the ad hoc analysis to determine whether the action should ultimately proceed on a collective basis.

        Plaintiffs argue that the conditional certification of a collective action implicitly requires discovery to proceed on a representative, rather than individualized, basis.  The Court agrees with plaintiffs that collective actions are designed to promote efficiency of litigation, but plaintiffs have cited no authority for the proposition that conditional certification of a collective action mandates representative discovery.[2]  Indeed, the purpose of the second step of the ad hoc analysis is to consider

---

        [2]        The closest plaintiffs come to citing such authority is McGrath v. City of Philadelphia, No. 92-4570, 1994 WL 45162 (E.D. Pa. Feb. 10, 1994), in which the United States District Court for
(continued...)

the unique circumstances of each plaintiff – an undertaking which would be nearly impossible without some amount of individualized discovery.  The Court finds nothing inconsistent between its order conditionally certifying this case as a collective action and Judge Waxse's approval of form interrogatories and document requests which defendants served on each plaintiff.

## II.        Established Case Law

Citing Williams v. Sprint/United Management Co., No. 03-2200-JWL, 2006 WL 1867471 (D. Kan. June 30, 2006), Judge Waxse recognized that the Court has permitted depositions of opt-in plaintiffs in a collective action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.  Plaintiffs argue that Williams is not applicable in this case because ADEA claims are not analogous to FLSA claims.  As a practical matter, however, the ADEA incorporates the collective action principles of the FLSA, Hammond v. Lowe's Home Ctrs., Inc., 216 F.R.D. 666, 672 n.18 (D. Kan. 2003), and "the same rules govern judicial management of collective actions under both statutes," Agdipa v. Grant Joint Union High Sch. Dist., No. S-06-1365, 2007 WL 1106099, at *1 n.1 (E.D. Cal. Apr. 10, 2007).  The Court finds no error in Judge Waxse's reliance on Williams as persuasive authority.

Plaintiffs argue that Judge Waxse should have considered Greer v. Challenge Financial Investors Corp., No. 05-1109-JTM, 2007 WL 1341774 (D. Kan. May 4, 2007), which granted

---

[2](...continued)
the Eastern District of Pennsylvania held that defendants in a collective FLSA action were "not entitled to individualized discovery as to the liability issues," and that "individualized discovery is inappropriate to establish liability" in a collective action.  Id. at *2-3.  Here, plaintiffs do not complain that defendants seek individualized discovery on issues of liability, or otherwise suggest that the *substance* of defendants' discovery is improper.  Instead, plaintiffs lobby for a blanket rule against individualized discovery.  The Court is not persuaded that any case law supports such a broad rule.

protective orders against the noticed depositions of 272 plaintiffs in a collective FLSA action. See id. at *4-5. Contrary to plaintiffs' assertion, this case is not controlling authority. Even as persuasive authority, Greer is distinguishable because it involved an excessive number of noticed depositions, not interrogatories or document requests. In complex litigation, depositions "tend to be the most costly and time-consuming activity." Manual for Complex Litigation (Fourth) § 11.45 (2004) Indeed, Greer specifically noted that "[d]epositions have been identified as a particular problem in the management of complex cases." 2007 WL 1341774, at *3. This case involves only one-tenth the number of noticed depositions in Greer, and plaintiffs make no argument why defendants' 27 noticed depositions raise the same efficiency concerns which the court addressed in that case. Greer does not cast doubt on individualized discovery in collective actions altogether, or suggest that the Court should not allow defendants to serve interrogatories and document requests on each plaintiff. See id. at *5 (by granting protective order, court does not hold that "all individualized discovery of the opt-in plaintiffs is prohibited").

Citing McGrath and Adkins v. Mid-America Growers, Inc., 141 F.R.D. 466 (N.D. Ill. 1992), plaintiffs further argue that Judge Waxse ignored case law from other jurisdictions which holds that individualized discovery is not appropriate in collective actions. These cases rely on the application of discovery principles developed for class actions under Rule 23, Fed. R. Civ. P. See McGrath, 1994 WL 45162, at *2-3 (Rule 23 principles of discovery apply to collective actions by analogy); Adkins, 141 F.R.D. at 468-69 (N.D. Ill. 1992) (applying Rule 23 to discovery issues in FLSA action). Such principles are not controlling in actions under the FLSA. See Bayles v. Am. Med. Response of Colo., Inc., 950 F. Supp. 1053, 1067 (D. Colo. 1996) (citing Lusardi v. Xerox Corp., 118 F.R.D. 351, 359 n.18 (D.N.J. 1987)) (Rule 23 requirements not controlling or even required to be considered on FLSA

claim).  In his order, Judge Waxse distinguished between collective actions under the FLSA and class actions under Rule 23 by noting that unlike class action plaintiffs who automatically become class members until they opt out of the lawsuit, FLSA plaintiffs chose to participate in the lawsuit by filing their consent to join.  Judge Waxse permitted defendants' individualized discovery in part because plaintiffs' consent forms acknowledged that they "may be required to respond to written questions, produce documents, give deposition testimony, and/or testify in court."  <u>Memorandum And Order</u> (Doc. #267) at 3.  Plaintiffs' do not specifically challenge Judge Waxse's distinction between collective actions and class actions, or explain why he erred in relying on their consent forms as support for individualized discovery.  Given the authority which the parties have cited, the Court finds no support for plaintiffs' argument that Judge Waxse's order was contrary to law.

**IT IS THEREFORE ORDERED** that <u>Plaintiffs' Objections To The Magistrate Judge's Memorandum And Order Of February 19, 2008 Denying Plaintiffs' Motion For Protective Order</u> (Doc. #271) filed March 4, 2008 be and hereby are **OVERRULED**.

Dated this 26th day of March, 2008 at Kansas City, Kansas.

<u>s/  Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge