# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **ROY RENFRO, et al.,** | ) | |
| **individually and on behalf of** | ) | |
| **others similarly situated,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **CIVIL ACTION** |
| | ) | |
| **v.** | ) | **No. 06-2284-KHV** |
| | ) | |
| **SPARTAN COMPUTER** | ) | |
| **SERVICES, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Plaintiffs bring suit against Spartan Computer Services, Inc., Jack Steenhausen and Terry Connorton seeking recovery of unpaid overtime under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq.  On April 20, 2007, plaintiffs filed their amended complaint, which for the first time named Steenhausen and Connorton as defendants.  See First Amended Complaint (Doc. #71).  On June 18, 2007, defendants – without having filed any pre-answer motions – answered the complaint.  See Defendants' Answer To Plaintiffs' First Amended Complaint (Doc. #83).  This matter comes before the Court on Defendants' Jack Steenhausen And Terry Connorton's Motion To Dismiss For Lack Of Personal Jurisdiction (Doc. #256) filed December 28, 2007.  For reasons stated below, the Court overrules the motion.

In their motion to dismiss, Steenhausen and Connorton argue that the Court lacks personal jurisdiction over them because they have no substantial contacts with the State of Kansas.  Plaintiffs respond in part that Steenhausen and Connorton have waived their personal jurisdiction defense.  The

Court agrees.

A defect in the district court's jurisdiction over a party is a personal defense which may be asserted or waived. <u>Fed. Deposit Ins. Corp. v. Oaklawn Apartments</u>, 959 F.2d 170, 174-75 (10th Cir. 1992). Rule 12(b), Fed. R. Civ. P., provides that "[a] motion asserting [lack of personal jurisdiction] must be made before pleading if a responsive pleading is allowed." Under Rule 12(b), objections to personal jurisdiction must be asserted in the answer or in a pre-answer motion. <u>Oaklawn Apartments</u>, 959 F.2d at 175. The failure to assert lack of personal jurisdiction in the answer or pre-answer motion constitutes a waiver of the defense. <u>ORI, Inc. v. Lanewala</u>, 147 F. Supp.2d 1069, 1074 (D. Kan. 2001); <u>see also</u> Fed. R. Civ. P. 12(h)(1).

As noted above, the record is clear that defendants did not file any pre-answer motion in this case. Steenhausen and Connorton argue that they preserved their personal jurisdiction defense by raising it in their answer. They do not, however, specifically identify any portion of the answer which asserts a lack of personal jurisdiction. Having reviewed the answer, the Court finds no indication that Steenhausen and Connorton raised lack of personal jurisdiction as a defense to plaintiffs' claims. Because Steenhausen and Connorton have not raised lack of personal jurisdiction in their answer or by way of pre-answer motion, they have waived the defense. <u>See</u> <u>ORI, Inc.</u>, 147 F. Supp.2d at 1174 (Federal Rules of Civil Procedure sufficiently clear to put party on "unmistakable notice" that failure to raise lack of personal jurisdiction in answer or pre-answer motion constitutes waiver of right to later present such defense).

**IT IS THEREFORE ORDERED** that <u>Defendants' Jack Steenhausen And Terry Connorton's Motion To Dismiss For Lack Of Personal Jurisdiction</u> (Doc. #256) filed December 28, 2007 be and hereby is **OVERRULED**.

-2-

Dated this 9th day of April, 2008 at Kansas City, Kansas.

s/  Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge