# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **ROY RENFRO, et al.,** ) | | |
| **individually and on behalf of** ) | | |
| **others similarly situated,** ) | | |
| ) | | |
| **Plaintiffs,** ) | | **CIVIL ACTION** |
| ) | | |
| **v.** ) | | **No. 06-2284-KHV** |
| ) | | |
| **SPARTAN COMPUTER** ) | | |
| **SERVICES, INC., et al.,** ) | | |
| ) | | |
| **Defendants.** ) | | |
| ) | | |

## ORDER

Plaintiffs bring suit against Spartan Computer Services, Inc., Jack Steenhausen and Terry Connorton seeking recovery of unpaid overtime under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq. On December 28, 2007, Steenhausen and Connorton filed a motion to dismiss for lack of personal jurisdiction. See Defendants' Jack Steenhausen And Terry Connorton's Motion To Dismiss For Lack Of Personal Jurisdiction (Doc. #256). On April 9, 2008, the Court overruled the motion because defendants had not asserted the defense in a pre-answer motion or preserved it in their answer. See Memorandum And Order (Doc. #307) at 2. Steenhausen and Connorton now seek reconsideration of that order.

D. Kan. Rule 7.3(b) provides that "[a] motion to reconsider shall be based on (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." Steenhausen and Connorton argue that the Court clearly erred in its previous order because their answer preserved an objection to personal jurisdiction.

Specifically, they point to paragraph five, which states in part that "Connorton and Steenhausen deny that this Court has jurisdiction over the <u>claims</u> brought against them . . . ." <u>Defendants' Answer To Plaintiffs' First Amended Complaint</u> (Doc. #83) filed June 18, 2007 ¶ 5 (emphasis added).

Contrary to defendants' argument, this answer does not preserve any objection to personal jurisdiction. The answer is specifically couched is terms of jurisdiction over plaintiffs' claims, and the question whether the court has jurisdiction over the claims in this case is one of subject matter jurisdiction, not personal jurisdiction. In context, the answer is made to plaintiffs' statement of subject matter jurisdiction, which further suggests that defendants intended to object specifically to subject matter jurisdiction. It goes without saying that the distinction between personal jurisdiction and subject matter jurisdiction is a significant one, and the Court will not conflate the two concepts in this case.

Steenhausen and Connorton do not otherwise argue that the answer objects to personal jurisdiction. Because they have not demonstrated clear error in the Court's previous order, the <u>Motion To Reconsider Memorandum And Order Overruling Motion To Dismiss For Lack Of Personal Jurisdiction And Integrated Memorandum In Support</u> (Doc. #311) filed April 21, 2008 is overruled.

**IT IS SO ORDERED.**

Dated this 28th day of April, 2008 at Kansas City, Kansas.

s/ Kathryn H. Vratil<br>
Kathryn H. Vratil<br>
United States District Judge

-2-