# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims (the "Agreement") is made by Spartan Computer Services, Inc. and its officers, employees, agents, directors, representatives, successors, assigns, and shareholders ("Spartan"), Jack Steenhausen, and Terry Connorton (collectively "Defendants") and the Plaintiffs who have not withdrawn ("Plaintiffs") from the case captioned *Roy Renfro, et al., individually and on behalf of other similarly situated persons, v. Spartan Computer Services, et al.,* Case No. 06-cv-02284-KHV, filed in the United States District Court for the District of Kansas (the "Lawsuit"), all of whom are identified in Exhibit A to this Agreement.

This Agreement is made as a compromise between the Plaintiffs and Defendants (collectively, the "Parties") for the complete and final settlement of their claims, differences and causes of actions raised by the Plaintiffs in the Lawsuit.

## RECITALS

WHEREAS, on July 11, 2006, pursuant to 29 U.S.C. §216(b) of the Fair Labor Standards Act ("FLSA"), Roy Renfro, the Named Plaintiff, filed the Lawsuit against Spartan; Jack Steenhausen, and Terry Connorton were joined as defendants on April 20, 2007.

WHEREAS, on June 18, 2007, Defendants filed an Answer denying the material allegations of Plaintiffs' First Amended Complaint.

WHEREAS, the Parties engaged in discovery, including the exchange of Rule 26 disclosures and service of formal documents requests and interrogatories; Spartan's corporate representative and several of the Plaintiffs were deposed.

WHEREAS, on February 16, 2007, pursuant to 29 U.S.C. § 216(b), many of the Plaintiffs filed a motion seeking (i) certification of their claims as a collective action, and (ii) authorization to send notice to putative plaintiffs.

WHEREAS, on June 20, 2007, the Court conditionally certified the Lawsuit as a collective action under 29 U.S.C. § 216(b) and authorized notice to "all persons whom SCS employed as field technicians (including field technicians, field engineers, senior field engineers, parts supervisors and field supervisors) and installers (including installers, lead installers and senior installers) at any time from June 20, 2004 to the present."

WHEREAS, before August 29, 2007, 29 individuals consented to join the Lawsuit.

WHEREAS, on August 31, 2007, Plaintiffs' counsel sent notice of the collective action generally advising them of the Lawsuit and the terms and conditions under which they were entitled to join the Lawsuit. The notice stated:

> *If you choose to join this lawsuit, . . . you will be bound by any ruling, settlement, or judgment, whether favorable or unfavorable. You will also be bound by, and will share in, any settlement that may be reached on behalf of the class. By joining this lawsuit, you designate the named Plaintiffs as your representatives, and to the fullest extent possible, to make decisions on your behalf concerning the case, the method and manner of conducting the case, the entering of an agreement with Plaintiffs' counsel regarding payment of fees and court costs, the approval of settlements, and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into will be binding on you if you join this lawsuit. While this suit is pending, you may be required to provide information, appear for a deposition, or otherwise participate in the action.*

WHEREAS, the notice also stated:

> *If you choose not to join this lawsuit, you will not be directly affected by any ruling, judgment or settlement rendered in this case, whether*

*favorable or unfavorable. . . . You also will be free to independently retain your own counsel and file your own individual lawsuit, subject to any defenses that might be asserted.*

WHEREAS, the consent to join form signed by a majority of the Plaintiffs provided:

*I WANT TO JOIN THIS LAWSUIT pending in the United States District Court for the District of Kansas, Case No. 06-cv-02284-KHV. I understand that this lawsuit seeks unpaid overtime compensation that may be owed to me and that by joining this lawsuit I will become a plaintiff. While the suit is proceeding, I may be required to respond to written questions, produce documents, give deposition testimony, and/or testify in Court. By joining this lawsuit, I designate the named Plaintiffs as my representatives, and to the fullest extent possible, to make decisions on my behalf concerning the case, the method and manner of conducting the case, the entering of an agreement with Plaintiffs' counsel regarding payment of attorneys' fees and court costs, and all other matters pertaining to this lawsuit. I understand that while I have the right to choose other counsel and to pursue my claims on my own behalf, I choose to be represented by Class Counsel George A. Hanson, and Mark V. Dugan of Stueve Siegel Hanson LLP and other attorneys with whom they may associate.*

WHEREAS, by the conclusion of the opt-in period, a total of 136 individuals filed consents to join this Lawsuit.

WHEREAS, seven individuals have since withdrawn their consents to join the Lawsuit, leaving a total of 129 Plaintiffs.

WHEREAS, on June 5 and 6, 2008, the Parties mediated the Lawsuit via teleconference with a nationally recognized, and well respected, mediator experienced in the area of FLSA Collective Actions; at the conclusion of the mediation, the Parties arrived at an agreement to settle the claims in the Lawsuit.

WHEREAS, Defendants denied, and continue to deny, the allegations in the Lawsuit and all liability and damages of any kind to anyone with respect to the alleged facts or causes of action asserted in the Lawsuit; nonetheless, without admitting or

conceding any liability or damages, and to avoid the burden, expense and uncertainty of continuing the Lawsuit, the Parties have agreed to settle the Lawsuit on the terms and conditions set forth in this Agreement.

WHEREAS, the Parties recognize the outcome in the Lawsuit is uncertain and achieving a final result through litigation requires additional risk, discovery, time and expense.

WHEREAS, in order to determine how best to serve the interests of all of the Plaintiffs, the Plaintiffs and their counsel have investigated and evaluated the facts and law relating to the claims asserted in the Lawsuit; after balancing the benefits of settlement with the costs, risks, and delay of continued litigation, the Plaintiffs and their counsel believe the settlement as provided in this Agreement is in the best interests of all of the Plaintiffs and represents a fair, reasonable, and adequate resolution of the Lawsuit.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and other good and valuable consideration set forth below, agree as follows:

## AGREEMENT

**A.      Consideration:**  In order to resolve the Plaintiffs' FLSA and other wage and hour claims, Defendants agree to pay to the Plaintiffs and their counsel $425,000.00 (the "Global Settlement Fund"), which is intended to include the Plaintiffs' attorneys' fees and the Plaintiffs' other fees and costs, including claims administration expenses.

**B.      Settlement Fund Allocation and Taxes:**

1.      The Settlement Fund shall be allocated among the Plaintiffs as described in Exhibit A to this Agreement. The variables used in determining the timing and allocation to the Plaintiffs include:  (1) the number of weeks worked for Spartan during

the time period applicable to the Lawsuit; (2) compensation rates during the time period applicable to the Lawsuit; (3) the failure to timely respond to written discovery requests; and (4) whether each Plaintiff made a significant contribution to the prosecution of the Lawsuit, including whether the Plaintiffs gave a deposition or otherwise made an extraordinary contribution to the case.

2.      One-half of the settlement amount to each Plaintiff shall be allocated to settlement of each Plaintiff's claim for alleged unpaid overtime wages, which shall be paid in a separate check, less all applicable taxes and other required or authorized wage withholdings (the "W-2 payment.") The remaining one-half of the settlement amount to each Plaintiff shall be allocated to settlement of each Plaintiff's claim for alleged liquidated damages, which shall be paid in a separate check without any deduction for any taxes or other withholdings (the "1099 payment.")

3.      Defendants shall be solely responsible for determining, processing, and reporting the amount of tax withholding, if any, required from the W-2 payments made under this Agreement. The Plaintiffs shall indemnify the Defendants for any federal, state, or local taxes the Defendants may be required to make regarding the 1099 payments made under this Agreement. The Plaintiffs are not relying on any information provided by the Defendants concerning the tax consequences of payments made under this Agreement.

4.      Plaintiffs' Counsel Stueve Siegel Hanson LLP and the Dugan Law Offices will apply for fees and costs to be paid from the Global Settlement Fund. Plaintiffs' Counsel's application for fees and costs will not exceed 30% of the Global Settlement Fund. Defendants agree they will not oppose such application. Fees, expenses and costs

approved by the Court will be paid directly to Counsel from the Global Settlement Fund and will be reported as 1099 income to Counsel.

5.      Checks to Plaintiffs and Plaintiffs' Counsel for approximately $150,000 of the Global Settlement Fund will be delivered to Plaintiffs' Counsel's offices within 10 days of the Court's final non-appealable Order approving the terms and conditions of this Agreement. Checks to Plaintiffs and Plaintiffs' Counsel for an additional approximate total of $150,000 of the Global Settlement Fund will be delivered to Plaintiffs' Counsel's offices within 60 days of the Court's final non-appealable Order approving the terms and conditions of this Agreement. Checks to Plaintiffs and Plaintiffs' Counsel for the balance of the Global Settlement Fund will be delivered to Plaintiffs' Counsel's offices within 90 days of the Court's final non-appealable Order approving the terms and conditions of this Agreement. Upon receipt, Plaintiffs' counsel will deliver checks to Plaintiffs as soon as practicable.

6.      If any payments to Plaintiffs are returned by the postal service as undeliverable, Spartan will assist Plaintiffs' Counsel in correcting any address errors (including providing Social Security numbers, which the Parties agree are subject to the terms and conditions of the Court's December 6, 2006 Protective Order (Doc. 29) for database searches) and payments will be promptly re-mailed to correct addresses.

C.      **Court Approval:** The Parties will submit to the Court a joint motion for final approval of this Agreement. The Parties will cooperate and take all necessary steps to effectuate final judicial approval of this Agreement. Defendant agrees to share with Plaintiffs' Counsel information reasonably necessary to confirm the equitable distribution of settlement amounts to Plaintiffs. Such information shall only include contact

information, Social Security numbers (to be maintained as confidential the terms and conditions of the Court's December 6, 2006 Protective Order (Doc. 29) and to be used solely for the purpose of locating class members through skip-tracing), dates of employment, job titles, compensation data, and time records.

**D.      Release of Wage and Hour Claims:**  Each of the Plaintiffs, through the Named Plaintiff, releases and forever discharges Defendants from all claims of any kind, whatsoever, now existing, that in any way relate to, were asserted by, or could have been asserted by, the Plaintiffs in the Lawsuit regarding hours worked, the payment, or non-payment of wages, overtime compensation, minimum wage compensation, meal and rest periods, penalties, liquidated damages, attorneys' fees, costs, expenses, interest, or any other relief; provided, however, the Plaintiffs do not otherwise release Defendants. Defendants release each of the Plaintiffs from all claims relating to Spartan's payment of wages and expenses to the Plaintiffs.

**E.      No Admission of Liability:**   The Parties agree and acknowledge this Agreement is the result of a compromise and shall not be construed as an admission of liability, responsibility, or wrongdoing by the Defendants. The Defendants deny any liability, responsibility, or wrongdoing as alleged in the Lawsuit. It is expressly understood by the Parties that the Plaintiffs shall not be deemed a "prevailing party" for any purpose, including any fee shifting statute, rule, or agreement, but the Defendants warrant and represent they do not, and will not, oppose Plaintiffs' Counsel's fee application.

**F.      Dismissal:**   Within three business days of the Court's approval of the Parties settlement, the Parties will take the steps necessary to dismiss the Lawsuit with

prejudice and withdraw any other complaints, charges, or other actions the Plaintiffs have filed with any Court or agency relating to the payment, or non-payment of wages, overtime compensation, minimum wage compensation, meal and rest period penalties, liquidated damages, penalties, attorneys' fees, costs, expenses, interest, or any other relief requested by the Plaintiffs in the Lawsuit.

**G.      Confidentiality:**

1.      The Plaintiffs warrant and represent they have not disclosed to anyone, except Plaintiffs' Counsel, the existence of this Agreement, the amount of the settlement payments and the other terms of this Agreement, the circumstances giving rise to the execution of this Agreement, and the negotiations leading to this Agreement. The Plaintiffs understand and agree that all discussions, negotiations and correspondence relating to this Agreement and the terms thereof (collectively "Confidential Settlement Information") are strictly confidential and this confidentiality provision is a material term of this Agreement. The Plaintiffs agree not to disclose to anyone (other than each Plaintiff's spouse, financial advisors, legal counsel and accountants) any Confidential Settlement Information unless such disclosure is (i) lawfully required by any government agency; (ii) otherwise required to be disclosed by law (including legally required financial reporting) and/or by court order; or (iii) necessary in any legal proceeding in order to enforce any provision of this Agreement. The Plaintiffs may respond to any inquiry about the status and/or resolution of the Lawsuit by stating the matter has been resolved to the mutual satisfaction of the Parties. If any of the Plaintiffs discloses Confidential Settlement Information to his or her spouse, financial advisors, counsel or

accountants, the Plaintiff will make such person aware of the confidential nature of this information.

2.      Nothing in this Agreement is intended, nor shall it be construed, to impede the right or duty of the Plaintiffs to file taxes and report income honestly, to testify truthfully, or to cooperate with any governmental investigation.

3.      The Plaintiffs acknowledge and agree that the confidentiality provisions stated in Paragraph G (including subparagraphs) constitute consideration for this Agreement. The Plaintiffs further acknowledge and agree the Defendants would be irreparably harmed if the Plaintiffs breach Paragraph G (including subparagraphs) and the Defendants may file suit for any breach of Paragraph G.

**H.      Preexisting Agreements With Company:**  The Plaintiffs agree to abide by any agreements they may have signed while employed by Spartan that pertain to non-disclosure of confidential and/or proprietary information.

**I.      No Right to Future Employment With Company:**  The Plaintiffs agree they shall not, at any time in the future, seek employment or re-employment with Spartan, whether as an employee or independent contractor. The Plaintiffs further agree that, if they seek employment or re-employment with Spartan, they may be rejected without any liability to the Defendants.  Additionally, the Plaintiffs acknowledge that, if they are hired by an employee of Spartan who does not have actual knowledge of this Agreement, the Plaintiffs' employment may be later terminated without liability for the hiring or termination decision. This Paragraph I is not intended to affect the employment of any Plaintiff currently employed by Spartan.

**J.**   **Severability of Provisions:**  The provisions of this Agreement shall not be deemed severable. If this Agreement is not approved by the Court in whole, the Parties agree they will attempt, in good faith, to revise this Agreement and resubmit this Agreement for approval by the Court.

**K.**   **Knowing and Voluntary Waiver:**  The Parties acknowledge and agree they had sufficient time to consider this Agreement and consult with legal counsel of their choosing concerning its meaning. When entering into this Agreement, the Parties have not relied on any representations or warranties made by the Parties, other than representations and warranties expressly set forth in this Agreement.

**L.**   **Continuing Jurisdiction:**  Nothing in this Agreement is intended to limit the Court's authority to retain continuing and exclusive jurisdiction over the Parties to this Agreement, including all Plaintiffs, for the purpose of the administration and enforcement of this Agreement.

**M.**   **Dispute Resolution:**  The Parties intend for any disputes regarding this Agreement to be heard only by the Court.

**N.**   **Choice of Law:**  The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of the State of Kansas whether any party is, or may hereafter be, a resident of another state.

**O.**   **Extension of Time:**  The Parties may, subject to Court approval, agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement, without further notice.

**P.**   **Named Plaintiff's Authorization:**   Named Plaintiff and Plaintiffs' Counsel warrant and represent that Named Plaintiff is a duly authorized representative of

the Plaintiffs, and Named Plaintiff is authorized to make decisions on behalf of the Plaintiffs, including settlement of the Plaintiffs' claims in the Lawsuit. Named Plaintiff and Plaintiffs' Counsel also warrant and represent they are expressly authorized to take all appropriate action required, or permitted, to be taken by the Plaintiffs under this Agreement to effectuate its terms, and they are expressly authorized to enter into any modifications or amendments to this Agreement that Named Plaintiff and Plaintiffs' counsel deem appropriate and with which the Defendants agree.

    **Q.**    **Amendments/Modifications:**  No waiver, modification, or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all of the Parties, and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval.

    **R.**    **Binding Agreement:**  This Agreement shall be binding upon, and inure to the benefit of, the Parties and their affiliates, beneficiaries, heirs, executors, administrators, successors, and assigns.

    **S.**    **No Third-Party Beneficiaries:**  This Agreement shall not be construed to create rights in, grant remedies to, or delegate any duty, obligation or undertaking established herein to, any third party as a beneficiary of this Agreement.

    **T.**    **Cooperation Clause:**  The Parties acknowledge it is their intent to consummate this Agreement, and they agree to cooperate and exercise their best efforts to the extent necessary to effectuate and implement all of the terms and conditions of this Agreement.

U.     **Entire Agreement:**  This Agreement constitutes the entire agreement of the Parties concerning the subjects included herein. This Agreement may not be changed or altered, except in writing, signed by all Parties and approved by the Court.

V.     **Captions:**  The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience only, and shall have no effect on the construction or interpretation of any part of this Agreement.

W.     **When Agreement Becomes Effective; Counterparts:**  This Agreement shall become effective upon its execution. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if the Parties had signed the same instrument.

X.     **Facsimile Signatures:**  Execution by facsimile shall be deemed effective as if executed in original.

Y.     **Corporate Signatories:**     Each person executing this Agreement, including execution on behalf of Spartan, warrants and represents that such person has the authority to do so.

THE FOREGOING SETTLEMENT AGREEMENT AND RELEASE OF ALL

CLAIMS HAS BEEN READ AND FULLY UNDERSTOOD BEFORE THE SIGNING

OF THIS AGREEMENT.

**Named Plaintiff**

**Roy Renfro**

Dated this 26th day of June_____, 2008.

THE FOREGOING SETTLEMENT AGREEMENT AND RELEASE OF ALL
CLAIMS HAS BEEN READ AND FULLY UNDERSTOOD BEFORE THE SIGNING
OF THIS AGREEMENT.

**Spartan Computer Services, Inc.**

Date: 06/24/08

By: _Jack Steenhausen_

Printed Name: _JACK STEENHAUSEN_

Title: _PRESIDENT_

THE FOREGOING SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS HAS BEEN READ AND FULLY UNDERSTOOD BEFORE THE SIGNING OF THIS AGREEMENT.

Jack Steenhausen

Dated this 24th day of June, 2008.

THE FOREGOING SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS HAS BEEN READ AND FULLY UNDERSTOOD BEFORE THE SIGNING OF THIS AGREEMENT.

_____
**Terry Connorton**

Dated this 24th day of June_____, 2008.

THE FOREGOING SETTLEMENT AGREEMENT AND RELEASE OF ALL
CLAIMS HAS BEEN READ AND FULLY UNDERSTOOD BEFORE THE SIGNING
OF THIS AGREEMENT.

Plaintiffs' Counsel

_____
George Hanson

_____
Mark Dugan

Dated this 9th day of _____July_____, 2008.

# EXHIBIT A

| First Name | Last Name | Distribution |
|---|---|---|
| Amber | Akins | $3,250.00 |
| Michael | Albanez | $2,226.41 |
| Robert | Alexander | $6,870.99 |
| Alex | Arteaga | $7,158.60 |
| Alan | Baker | $4,185.13 |
| Fred | Borja | $334.03 |
| Glen | Bradley | $657.28 |
| Brian | Brewer | $459.62 |
| Herman | Briggs | $2,329.00 |
| Richard | Britt | $250.00 |
| Jason | Brooks | $1,574.10 |
| Dwayne | Bunch | $1,136.29 |
| Michael | Burgoyne | $571.33 |
| Brian | Cameron | $250.00 |
| Jason | Carter | $3,526.39 |
| Paul | Castaneda | $3,681.61 |
| Timothee | Chilton | $5,196.29 |
| Donald | Cook | $502.96 |
| Mark | Cooley | $250.00 |
| Bradley | Cost | $6,156.25 |
| Landon | Davis | $250.00 |
| Harrison | Davis, Jr. | $1,846.56 |
| Isaac | Dickson | $3,422.93 |
| Steve | Dieffenbacher | $2,622.19 |
| Robbie | Dubois | $5,691.91 |
| William | Fecht, Jr. | $6,321.86 |
| Mike | Ferrier | $250.00 |
| Louis | Figueroa | $250.00 |
| Arthur | Ford | $288.16 |
| Silvan | Frank | $5,281.60 |
| David | Frankel | $250.00 |
| Rene | Fuentes | $3,032.23 |
| Patrick | Fuller | $1,089.73 |
| Joseph | Gaudi | $3,501.33 |
| Louis | Gettel | $804.33 |
| Joel | Gilliland | $1,463.55 |
| Terry | Goins | $2,689.73 |
| Mark | Gomez | $6,117.30 |
| Mark | Goodner | $430.94 |
| Patrick | Gutbrod | $1,869.46 |
| William | Haddad | $3,442.93 |
| Fred | Hall | $1,356.53 |
| Jeremy | Hall | $1,787.29 |
| Nancy | Hamilton | $3,346.53 |
| Brian | Harris | $250.00 |
| Renny | Harris | $250.00 |
| Brian | Hartvigsen | $1,249.90 |
| Todd | Hawley | $366.35 |
| Patrick | Hayes | $4,171.67 |
| Jason | Hicks | $2,317.07 |
| Kenneth | Higgs | $3,108.54 |
| Lance | Hinman | $2,536.03 |
| Paul | Holliger, Sr. | $250.00 |
| Derek | Ishmael | $250.00 |

| | | |
|---|---|---|
| Michael | Jarvis | $1,519.59 |
| David | Jefferson | $610.49 |
| Gregory | King | $2,956.68 |
| Aaron | Kinney | $2,333.16 |
| Elic | Knight | $1,997.85 |
| Richard | Kreemer | $2,983.90 |
| Joseph | Krupski | $1,723.59 |
| Walter | Laprade | $551.86 |
| Adam | Laprade | $754.20 |
| Larry | Lee | $250.00 |
| Chris | Lehner | $1,397.97 |
| William | Link | $5,488.38 |
| Seth | Livingston | $2,362.44 |
| Darrell | Lucas | $1,620.07 |
| Ricardo | Machuca | $3,471.36 |
| John | Marshall | $2,456.95 |
| Hugo | Martinez | $3,116.56 |
| Jorge | Martinez | $6,335.75 |
| Joseph | Massey | $250.00 |
| Robert | Mayer | $2,675.38 |
| Ryan | McArthur | $5,805.60 |
| LaCosha | McCowan | $279.34 |
| Victor | Metzler | $250.00 |
| David | Miller Jr. | $753.16 |
| Craig | Moersch | $610.49 |
| Victoria | Moniz | $3,466.59 |
| Edward | Moore | $1,286.36 |
| Mohamed | Mostafa | $2,315.68 |
| Leoncio | Nieves | $445.89 |
| Armo | O'Hanian | $5,292.04 |
| Mark | O'Connor, | $526.69 |
| Sergik | Ordukhanian | $5,960.52 |
| Sidney | Otoshi | $358.18 |
| Clement | Owusu | $2,768.05 |
| Peter | Patron | $2,036.38 |
| Richard | Pogorelc | $7,559.16 |
| Richard | Pogorelc II | $1,034.17 |
| Timothy | Rager | $250.00 |
| Anton | Ramos | $250.00 |
| Terry | Ray | $526.52 |
| Thomas | Read | $4,862.11 |
| Pierre | Rene | $5,750.57 |
| Roy | Renfro | $20,624.11 |
| William | Rennert | $915.10 |
| Richard | Restifo | $250.00 |
| Miguel | Rincon | $3,431.38 |
| Brian | Roberts | $2,968.52 |
| Michael | Rogers | $671.21 |
| Tyron | Rowe | $1,864.50 |
| Rebecca | Rusher | $250.00 |
| Timothy | Russaw | $293.30 |
| Ruben | Santiago | $6,686.24 |
| Brian | Sawyer | $4,654.76 |
| Duane | Schmidt | $250.00 |
| Ralph | Schoffstall | $2,337.52 |

| | | |
|---|---|---|
| Rigoberto | Serna | $954.68 |
| Peter | Smit | $4,164.67 |
| Bruce | Solotoroff | $2,040.86 |
| Stephen | Sorochman | $250.00 |
| Omar | Stennett | $2,904.20 |
| Nathan | Stiles | $562.78 |
| Jamal | Strawder | $250.00 |
| Timothy | Thomas | $2,636.79 |
| Mark | Thornton | $378.74 |
| Johnny | Thornton | $1,323.32 |
| Douglas | Torres | $682.73 |
| Jeff | Toth | $5,322.41 |
| Jorge | Tovar | $250.00 |
| Cody | Wagner | $1,883.17 |
| Antonio | Walker | $3,405.18 |
| Dean | Warren | $538.41 |
| Darryl | White | $1,940.63 |
| Steve | Willem | $250.00 |
| Joseph | Wilson | $2,155.27 |
| Josh | Wirth | $442.91 |

$297,500.00